IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CATHOLICVOTE CIVIC ACTION, <br> 211 W Main Street, Suite 303 <br> Carmel, IN 46032, <br><br> and <br><br> JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br>           Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## **COMPLAINT**

Plaintiffs CatholicVote Civic Action and Judicial Watch, Inc. bring this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiffs allege as follows:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff CatholicVote Civic Action ("CatholicVote") is a 501(c)(4) not-for-profit civic organization incorporated under the laws of the State of Michigan and headquartered at 211 W Main Street, Suite 303, Carmel, IN 46032.  Plaintiff is an organization inspired and organized by faithful Catholic laity seeking to renew the country and culture with the teachings of the Catholic Church.  As a part of its mission, Plaintiff uses its media platforms to report on issues that affect Catholics, including social and legal issues.

4. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

5. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.  Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## STATEMENT OF FACTS

6. On September 24, 2021, Plaintiffs sent a FOIA request to the Office of the Solicitor General, the Office of Legal Policy, and the U.S. Department of Justice, Civil Rights Division, all components of Defendant DOJ, seeking access to the following records:

> **All documents and communications between (1) U.S. Department of Justice Office of the Solicitor General, or any of their officers, employees, members, agents, or affiliates, and (2) any of the following people and organizations, including any of their officers, members, agents, parent organizations,**

**affiliated entities, branches, subordinate organizations, or chapters, concerning (a) the U.S. Department of Justice's lawsuit against the State of Texas, in the Western District of Georgia, Civ. No. 21-796 and/or Texas SB8, and (b)** *Dobbs v. Jackson Women's Health Org.,* **945 F.3d 265 (5th Cir. 2019), cert. granted, 209 L. Ed. 2d 748,** **and/or Miss Code Ann. § 97-3-37**

**U.S. Conference of Catholic Bishops**
**Bishop W. Thomas Malooly (Wilmington, DE)**
**Cardinal Wilton Gregory (Washington, D.C.)**
**Bishop Michael Burbidge (Arlington, VA)**
**Bishop John Stowe (Lexington, KY)**
**Bishop Robert McElroy (San Diego, CA)**
**Faith in Action**
**Catholics For Choice**
**Thomas Perrillo in his capacity as executive director of Open Society Foundations**
**Sr. Carol Keehan in her capacity as president and CEO of Catholic Health Assoc.**
**John Carr in his capacity as founder and co-director of Catholic Social Thought and Public Life**

7.      The Office of the Solicitor General never formally acknowledged receipt of the request, but Plaintiff received a confirmation of the request creation via the Web Portal on September 24, 2021.

8.      The Office of Legal Policy acknowledged receipt of the request on October 26, 2021. Its acknowledgement asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances." It assigned Plaintiff's FOIA request the reference number FOIA-2021-02270.

9.      The U.S. Department of Justice, Civil Division acknowledged receipt of the request on October 6, 2021. Its acknowledgement asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances." It assigned Plaintiff's FOIA request the reference number 145-FOI-18232.

10.     As of the date of this Complaint, DOJ has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiffs of any such determination or the reasons therefor;

(iii) advise Plaintiffs of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

11. Plaintiffs realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is in violation of FOIA.

13. Plaintiffs are being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

14. Plaintiffs have no adequate remedy at law.

15. To trigger FOIA's administrative exhaustion requirement, Defendant DOJ was required to make a final determination on Plaintiffs' request by December 9, 2021, at the latest. Because Defendant DOJ failed to make a final determination on Plaintiffs' request within the time limits set by FOIA, Plaintiffs are deemed to have exhausted their administrative appeal remedies.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request; (4) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

- 5 -

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiffs such other relief as the Court deems just and proper.

Dated:  February 4, 2022                                   Respectfully submitted,

*/s/ Meredith L. Di Liberto*
MEREDITH L. DI LIBERTO
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Fax:    (202) 646-5199
Email:  mdiliberto@judicialwatch.org

*Attorney for Plaintiffs*